# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

DANIEL UMPA, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

THE NATIONAL ASSOCIATION OF REALTORS et al.,

    Defendants.

4:23-cv-00945-SRB

Judge Stephen R. Bough

**ORAL ARGUMENT REQUEST**

## THE HOMESERVICES DEFENDANTS'[1] MOTION TO STRIKE CLASS ALLEGATIONS IN FAVOR OF ARBITRATION

### *(VERSION 1 AGREEMENTS)*

February 26, 2024

| | |
|---|---|
| Robert D. MacGill (*phv*) | Jay N. Varon (*phv* pending) |
| Matthew T. Ciulla (*phv*) | Jennifer M. Keas (*phv* pending) |
| J. Cecelia Satterthwaite (*phv*) | **FOLEY & LARDNER LLP** |
| **MACGILL PC** | 3000 K Street NW, Suite 600 |
| 156 E. Market St., Suite 1200 | Washington, D.C. 20007 |
| Indianapolis, IN 46204 | (202) 672-5300 |
| (317) 721-1253 | |

Brian C. Fries
**LATHROP GPM, LLP**
2345 Grand Blvd. Suite 2200
Kansas City, MO 64108
816.460.5326

---

[1] "HomeServices," "the HomeServices Defendants," and/or "HSDs" means: HomeServices of America, Inc.; BHH Affiliates, LLC; HSF Affiliates, LLC; and The Long & Foster Companies, Inc. The Long & Foster Companies, Inc. reserves all personal jurisdiction arguments, and it makes this motion in the alternative—only to be considered if its personal jurisdiction objections are overruled.

For the reasons stated in the accompanying Suggestions in Support, together with all exhibits attached thereto, the HomeServices Defendants respectfully move the Court to strike the class definition and require its amendment to excise the arbitrating, unnamed, absent class members.

The Court should not consider any arguments against arbitration. First—and most important from a constitutional perspective—all objections to arbitration to be raised by Mr. Umpa are not justiciable, because he did not sign an arbitration clause with HomeServices. *Zieger*, 2014 U.S. Dist. LEXIS 177524, at *9-11. Second, all arbitrability disputes have been clearly and unequivocally delegated to the arbitrator, so the Court is powerless to decide them. *Henry Schein*, 139 S. Ct. at 529.

Even if the Court moves forward, it should find that HomeServices may enforce the arbitration agreements here. HomeServices is a named third-party beneficiary with the express ability to enforce the arbitration agreements. Exhibit D. And HomeServices has the authority to enforce the arbitration agreements under the doctrine of equitable estoppel and/or single unit estoppel. Exhibit E (state law estoppel chart).

Due to these circumstances, the Eighth Circuit's *Donelson* decision instructs that this Court should strike the class allegations to excise the arbitrating, absent, putative class members now. 999 F.3d at 1092 ("We conclude it was an abuse of discretion for the district court to deny the motions to strike the class-action allegations."). The class, as presently defined, is defective. A significant number of absent putative class members—namely, those who signed the arbitration agreements at bar—do not have an adequate class representative. The arbitration issues present significant intra-class factual variation, defeating predominance and commonality. And forcing the HSDs to litigate against these people in court will result in the HomeServices Defendants' having "one hand tied behind their backs." *Id.*

The class definition should be stricken now.

1

Dated: February 26, 2024  /s/ Robert D. MacGill

Robert D. MacGill (*phv*)
Matthew T. Ciulla (*phv*)
J. Cecelia Satterthwaite (*phv*)
**MACGILL PC**
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
Cecelia.Satterthwaite@MacGillLaw.com

Jay N. Varon (*phv* pending)
Jennifer M. Keas (*phv* pending)
**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, D.C. 20007
(202) 672-5300
jvaron@foley.com
jkeas@foley.com

Brian C. Fries
**LATHROP GPM, LLP**
2345 Grand Blvd. Suite 2200
Kansas City, MO 64108
816.460.5326
brian.fries@lathropgpm.com

*Counsel for the HomeServices Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on February 26, 2024 on all counsel of record by virtue of the Court's CM/ECF System.

*/s/Matthew T. Ciulla*
