UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANIEL UMPA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS et al.,<br><br>Defendants. | 4:23-cv-00945-SRB<br><br>Judge Stephen R. Bough<br><br>**ORAL ARGUMENT REQUEST** |

# THE HOMESERVICES DEFENDANTS'[1]
# MOTION TO STRIKE CLASS ALLEGATIONS
# IN FAVOR OF ARBITRATION

*(ONE HUNDRED EIGHTEEN DIFFERENT FORMS
OF SUBJECT ARBITRATION AND LISTING AGREEMENT
UNDER LAW OF THIRTY-FIVE STATES)*

February 26, 2024

Robert D. MacGill (*phv*)
Matthew T. Ciulla (*phv*)
J. Cecelia Satterthwaite (*phv*)
**MACGILL PC**
156 E. Market St., Suite 1200
Indianapolis, IN 46204
(317) 721-1253

Brian C. Fries
**LATHROP GPM, LLP**
2345 Grand Blvd. Suite 2200
Kansas City, MO 64108
816.460.5326

Jay N. Varon (*phv* pending)
Jennifer M. Keas (*phv* pending)
**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, D.C. 20007
(202) 672-5300

---

[1] "HomeServices," "the HomeServices Defendants," and/or "HSDs" means: HomeServices of America, Inc.; BHH Affiliates, LLC; HSF Affiliates, LLC; and The Long & Foster Companies, Inc. The Long & Foster Companies, Inc. reserves all personal jurisdiction arguments, and it makes this motion in the alternative—only to be considered if its personal jurisdiction objections are overruled.

i

For the reasons stated in the accompanying Suggestions in Support, together with all exhibits attached thereto, the HomeServices Defendants respectfully move the Court to strike the class definition and require its amendment to excise the arbitrating, unnamed, absent class members.

One hundred eighteen forms of arbitration agreement are subject to this motion ("Subject Arbitration and Listing Agreements"). The Subject Arbitration and Listing Agreements were executed by tens or hundreds of thousands of absent putative class members, and they were countersigned by brokerage subsidiaries of HomeServices. This lawsuit falls within the scope of the Subject Arbitration and Listing Agreements, and HomeServices has the right to enforce them under state law of thirty-five states.

Adjudicating the arbitration obligations of those absent putative class members who signed the Subject Arbitration and Listing Agreements will require analysis of one hundred eighteen different form agreements and applying the law of thirty-five states. There can be no clearer example of factual variation overwhelming any common, classwide question.

No class can be certified in this scenario. The Eighth Circuit thus directs the Court to require the plaintiff to redefine it. The motion to strike should be granted.

Dated: February 26, 2024    */s/ Robert D. MacGill*

Robert D. MacGill (*phv*)
Matthew T. Ciulla (*phv*)
J. Cecelia Satterthwaite (*phv*)
**MACGILL PC**
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
Cecelia.Satterthwaite@MacGillLaw.com

Jay N. Varon (*phv* pending)
Jennifer M. Keas (*phv* pending)
**FOLEY & LARDNER LLP**
3000 K Street NW, Suite 600
Washington, D.C. 20007
(202) 672-5300
jvaron@foley.com
jkeas@foley.com

Brian C. Fries
**LATHROP GPM, LLP**
2345 Grand Blvd. Suite 2200
Kansas City, MO 64108
816.460.5326
brian.fries@lathropgpm.com

*Counsel for the HomeServices Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on February 26, 2024 on all counsel of record by virtue of the Court's CM/ECF System.

*/s/Matthew T. Ciulla*
