## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

DON GIBSON, LAUREN CRISS, and )
JOHN MEINERS, individually and on )
 behalf of all others similarly situated, )    Case No. 4:23-cv-00788-SRB
 )
      Plaintiffs, )
 )
    v. )
 )
NATIONAL ASSOCIATION OF )
REALTORS, et al. )
 )
    Defendants. )

DANIEL UMPA, on behalf of himself )
And all others similarly situated, )    Case No. 4:23-cv-00945-SRB
 )
      Plaintiffs, )
 )
    v. )
 )
THE NATIONAL ASSOCIATION OF )
REALTORS, et al., )
 )
    Defendants. )

## [PROPOSED] SCHEDULING ORDER[1]


      Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Local Rules 16.1 and 26.1, the parties[2]

jointly submit the following proposed schedule and discovery plan for the Court's consideration:

---

[1] Defendants take the position that this schedule assumes the JPML rules on Plaintiffs' Motion to Transfer by May 9, 2024, and that the Motion to Transfer is denied. Plaintiffs take no position at this stage on how the resolution of the Motion to Transfer might impact the schedule.
[2] The "parties" referenced in this section refers to all parties in *Gibson* and *Umpa* except for Defendant Berkshire Hathaway Energy ("BHE"). BHE was served with the Amended Complaint in *Gibson* on March 6, 2024, and counsel for BHE has not yet appeared in that action. Plaintiffs' position is that the deadlines in this scheduling order should apply to BHE as well.

1. **INITIAL CONFERENCE UNDER RULE 26(f).** The parties conducted an initial conference under Fed. R. Civ. P. 26(f) via videoconference on February 16, 2024. Counsel for all parties, except for Berkshire Hathaway Energy Company participated in the conference. Berkshire Hathaway Energy Company was first named as a defendant after the Rule 26(f) conference on March 4, 2024.

2. **PROTECTIVE ORDER AND ESI PROTOCOL.** The parties are negotiating a Protective Order and ESI Protocol. The parties are not aware of issues related to ESI at this time.

3. **RESPONSIVE PLEADING DEADLINE.** Defendants' motions to dismiss the initial *Gibson* and *Umpa* Complaints were filed on February 26, 2024. An amended complaint in Gibson was filed on March 4, 2024 that named an additional defendant, Berkshire Hathaway Energy Company. In light of the amended complaint, which has mooted the initial complaint, Defendants will file a new or renewed set of motions to dismiss and/or responsive pleadings in *Gibson* within 60 days following service of the amended complaint in *Gibson* upon Berkshire Hathaway Energy Company. Plaintiffs' deadline to respond to Defendants' new/renewed motions to dismiss and other responsive pleadings, and Defendants' deadline to file replies for the new *Gibson* motions to dismiss will be coordinated by the parties, once the responsive pleadings have been filed. For *Umpa*, the parties have agreed to separate schedules for: (1) 12(b)(2) and 12(b)(3) motions, and (2) 12(b)(6) and 12(f) motions. For 12(b)(2) and 12(b)(3) motions in *Umpa*, Plaintiffs will file a response by April 19, 2024, and Defendants will reply by May 10, 2024. For 12(b)(6) and 12(f) motions in *Umpa*, Plaintiffs' deadline to respond and Defendants' deadline to file replies shall be reset to match the *Gibson* deadlines.

4. **MOTION TO AMEND PLEADINGS.** Any motion to amend the pleadings shall be filed on or before September 18, 2025.

5.     **MOTION TO JOIN ADDITIONAL PARTIES.** Any motion to join additional parties shall be filed on or before September 18, 2025.

6.     **DISCOVERY**

    a.     **Initial Disclosures Under Rule 26(a).** The parties shall exchange initial disclosures under Rule 26(a) fourteen days after the JPML rules on Plaintiffs' Motion to Transfer.

The parties are at an impasse with respect to the interim discovery deadlines in 6(b) and their respective positions are set forth below.

**Plaintiffs' Position:**

Plaintiffs propose the interim discovery deadlines below. Plaintiffs' deadlines give Defendants 5-6 months from the time of initial discovery requests to produce structured data and documents. These deadlines also give Plaintiffs 11 months to clean, process, and analyze Defendants' structured data before their class cert motions and expert reports are due, and 10 months before their class cert motions and expert reports are due to (i) review a dozen Defendant document productions, (ii) notice, prepare for, and conduct depositions; and (iii) and incorporate this evidence into their class certification briefing and expert reports. By contrast, Defendants' proposed deadlines give Plaintiffs only 5 and 4 months, respectively. This truncated timeframe is unworkable, particularly given that fact depositions would have to happen between Memorial Day and Labor Day—a notoriously difficult time to schedule witnesses' availability. Nor is there space to push the class certification deadlines later and keep the September 27, 2027 trial date—which was already a substantial compromise on Plaintiffs' part. Defendants have not demonstrated why they need 12-13 months to produce documents and data in response to Plaintiffs' initial set of

requests. For comparison, in the *Moehrl* case—which covered 20 different geographic areas—the schedule provided for 6-7 months and the parties stuck to it with minimal slippage.

      **b. Initial Discovery Negotiation Deadlines.** The Parties shall produce reasonably available organizational charts (by whatever title) at the time they produce initial disclosures. Plaintiffs will serve initial RFPs on or before April 1, 2024. Producing Parties shall propose initial custodians, initial search protocol (e.g., search terms or TAR), and structured data productions by May 1, 2024. The Parties shall complete negotiations concerning initial custodians and initial search protocol (e.g., search terms or TAR), and structured data productions by June 20, 2024. The Parties shall certify substantial completion of production of structured data in response to requests for production by October 10, 2024. The Parties shall certify substantial completion of production of documents in response to initial requests for production by November 21, 2024.

**Defendants' Position**:

Defendants and Plaintiffs have reached agreement on nearly every part of the schedule, including the trial date. These dates outpace the actual schedule in the prior *Burnett* case. For example, in *Burnett*, nearly 4.5 years elapsed from the original complaint filing to the commencement of trial. Here, the agreed-upon schedule commences trial in just 3 years and 11 months, even though this action involves three times the number of defendants (most of whom are new to these cases) and a nationwide, rather than Missouri-wide, class. Only two points of disagreement remain, neither of which even needs to be in the initial Scheduling Order. This is the first of the two disagreements.

4

Plaintiffs have insisted on including unnecessary and unworkable interim discovery deadlines. Although Plaintiffs have stated an interest in aligning this schedule with the schedule in *Burnett*, these interim deadlines did not even appear in that case's scheduling order. Defendants do not think these interim discovery deadlines are warranted. In particular, Defendants cannot agree to Plaintiffs' proposed dates in Section 6(b) to certify *in this 2024 calendar year* substantial completion of both (1) production of structured data and (2) production of documents in response to requests for production. Although *Gibson* has been pending for nearly six months, *Defendants still have not seen requests for production from Plaintiffs*. Similarly, no requests for production have been served in *Umpa*—a case that was just filed on December 27, 2023. Given the nationwide scope of these cases, Defendants expect Plaintiffs' requests to be expansive, and for the resultant discovery to be a significant undertaking. And Defendants have explained to Plaintiffs that their proposed interim deadlines simply are not feasible, including because negotiations about these productions are scheduled to complete just a few months before Plaintiffs would require Defendants to substantially complete the productions themselves. Plaintiffs have asserted that Defendants' proposed interim dates do not leave Plaintiffs sufficient time for their class certification motion, but this does not justify imposing unworkable and unnecessary interim discovery deadlines on Defendants. Plaintiffs will have data and documents to be able to prepare for class certification well ahead of these substantial completion deadlines. And if Plaintiffs need more time, then they should be amenable to slightly extending the class certification dates outlined in Section 7. Finally, given that Defendants have yet to receive any requests for production, Plaintiffs' requested deadlines for proposing initial custodians and search terms would require Defendants to make those proposals before they are even required to respond to the discovery requests, and thus are unreasonable.

5

If, however, the Court is inclined to adopt Plaintiffs' positions for this area of dispute, Defendants request the opportunity to be heard on their position.

b. **Initial Discovery Negotiation Deadlines.** The Parties shall produce reasonably available organizational charts (by whatever title) at the time they produce initial disclosures. Plaintiffs will serve initial RFPs on or before April 1, 2024. Producing Parties shall propose initial custodians, initial search protocol (e.g., search terms or TAR), and structured data productions by July 25, 2024. The Parties shall complete negotiations concerning initial custodians and initial search protocol (e.g., search terms or TAR), and structured data productions by September 20, 2024. The Parties shall certify substantial completion of production of structured data in response to requests for production by April 10, 2025. The Parties shall certify substantial completion of production of documents in response to initial requests for production by May 21, 2025.

c. **Close of Fact Discovery.** All discovery, other than expert discovery, shall be completed on or before January 22, 2026.

d. **Close of Class Certification Expert Discovery.** Expert discovery for purposes of class certification shall be completed on or before February 19, 2026.

e. **Expert Designation Deadlines for Class Certification.** Plaintiffs shall disclose any expert witness(es) they intend to rely on for class certification issues (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before September 18, 2025. Defendants shall disclose any expert witness(es) for class certification issues (including reports and disclosures pursuant to Fed. R. Civ. P.

26(a)(2)(B)) on or before November 20, 2025. Plaintiffs shall make any rebuttal expert disclosures for class certification by January 22, 2026. Each party shall make its expert witness(es) available for deposition within 28 days after designation.

f. **Expert Designation Deadlines for Trial.** Plaintiffs shall disclose any expert witness(es) they intend to call at trial (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before May 28, 2026. Each Defendants shall disclose any expert witness(es) they intend to call at trial (including reports and disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B)) on or before July 30, 2026. Plaintiffs shall make any rebuttal expert disclosures by October 1, 2026. Each party shall make its expert witness(es) available for deposition within 28 days after designation.

g. **Close of Expert Discovery For Trial.** Expert discovery for purposes of trial shall be completed on or before October 29, 2026.

h. **Discovery Motions.** The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. In the event that a teleconference is needed, email your request to the Courtroom Deputy at Tracey_Peters@mow.uscourts.gov. A memorandum of the discovery dispute, not to exceed two pages in length, should be electronically submitted by each party no later than twenty-four hours prior to the teleconference.

7. **MOTION FOR CLASS CERTIFICATION AND *DAUBERT* MOTION DEADLINES RELATED TO CLASS-CERTIFICATION EXPERTS.**

Any motion for class certification will be filed on or before September 18, 2025. Defendants' opposition to class certification is due on or before November 20, 2025. Plaintiffs' reply in support of class certification is due on or before January 22, 2026.

Defendants' motions to strike class certification expert designations or preclude class certification expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before November 20, 2025. Plaintiffs' opposition is due on or before January 22, 2026. Defendants' reply brief is due on or before February 19, 2026.

Plaintiffs' motions to strike class certification expert designations or preclude class certification expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before January 22, 2026. Defendants' brief in opposition is due on or before February 19, 2026. Plaintiffs' reply brief in support of motion to strike class certification experts is due on or before March 16, 2026.

8. **DISPOSITIVE MOTION DEADLINE.**

Defendants' dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before December 22, 2026. Plaintiffs shall file their dispositive motions and opposition to Defendants' dispositive motions on or before February 4, 2027. Defendants shall file their replies in support of their dispositive motions and oppositions to Plaintiffs' dispositive motions on or before March 18, 2027. Plaintiffs shall file their replies in support of their dispositive motions on or before April 15, 2027. All motions for summary judgment shall comply with Local Rules 7.0 and 56.1.

9. ***DAUBERT* MOTION DEADLINE FOR TRIAL EXPERTS.**

Defendants' motions to strike trial expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before December 22, 2026. Plaintiffs shall file their Daubert motions regarding Defendants experts and oppositions to Defendants' Daubert motions on Plaintiffs' experts by February 4, 2027. Defendants shall file their oppositions to Plaintiffs' *Daubert* motions regarding Defendants'

experts, and replies in support their *Daubert* motions regarding Plaintiffs' experts by March 18, 2027. Plaintiffs shall file their replies in support of their dispositive motions and replies in support of their Daubert motions regarding Defendants' experts by April 15, 2027.

        10.    **TRIAL**. Trial shall begin on September 27, 2027.  Plaintiffs believe that a trial of no longer than three weeks (and likely less) is appropriate but that the Court can resolve any disputes over trial length at a later date.  Defendants believe that a trial should be between four to six weeks, and agree that the Court can resolve any disputes over trial length at a later date.  The pretrial conference shall be held on August 23, 2027, at 9:00 a.m.

        The documents listed below shall be filed prior to the pretrial conference. The parties are at an impasse with respect to the deadlines for the documents listed below.

**Plaintiffs' Position**: The standard pretrial filing deadlines set in the Court's template scheduling order should apply in this case.  Defendants seek to modify the Court's standard deadlines, but there is nothing unique about this case that warrants deviation from the Court's standard pretrial filing deadlines.  In *Burnett*, the parties complied with the standard deadlines, which resulted in efficient trial preparation and an orderly final pretrial conference.

        a.    Motions in Limine.  Motions in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to motions in limine shall be filed within the time limit allowed by Local Rule 7.0 or at least three (3) business days prior to the final pretrial conference whichever is earlier. In order to ensure efficient use of trial time, the parties are encouraged to file motions in limine relating to key evidentiary issues.

        b.    Stipulation of Uncontroverted Facts. At least three (3) business days prior to the final pretrial conference, the parties may file a stipulation of any uncontroverted facts.

        c.    Witness List. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

d.   Exhibit Index. At least five (5) business days prior to the final pretrial conference, each party shall file and serve an exhibit index of all exhibits that may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. The exhibit index should be prepared on a form provided by the Clerk's office that can be found at http://www.mow.uscourts.gov/forms.html#district. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral, and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to include exhibits to be used only for impeachment or rebuttal purposes. After the time for filing the exhibit index has expired, no supplemental or amended index will be filed without leave of Court for good cause shown.

e.   Stipulation as to the Admissibility of Evidence. At least three (3) business days prior to the final pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, listing the exhibits for which authenticity and foundation are not contested.

f.   Designation of Deposition Testimony. Fifteen (15) business days prior to the final pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g.   Objections to Designated Deposition Testimony and Counter Designation. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve:

   i.   Any objections to proposed deposition testimony designated by any other party; and

   ii.  A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h.   Objections to Counter Designations. At least seven (7) business days prior to the final pretrial conference, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

i.   Submission of Deposition Designations. At least seven (7) business days prior to the final pretrial conference, the Court should receive deposition designations in the following manner:

i.     The parties are to jointly submit one mini-script copy of each designated deposition.

ii.    Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

iii.   Each party should use a different highlight color to indicate their designations (for example, plaintiff uses yellow; defendant uses blue).

iv.    Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition, again using a different color to indicate the portion to which each party objects.

v.     Each party should submit to the Court a Word version document of the Objections to Deposition Designations that the party filed in CM/ECF. Send that via email to the Courtroom Deputy at tracey_peters@mow.uscourts.gov.

j.     Jury Instructions.

i.     At least ten (10) business days prior to the final pretrial conference, the parties shall jointly file an original (without sources) set and an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of Model Civil Jury Instructions for the District of Courts of the Eighth Circuit and/or Missouri Approved Instructions (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ___.

ii.    The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

iii.   The instructions should also be submitted to the Court electronically, in Word format. Instructions should be sent via email to the Courtroom Deputy at tracey_peters@mow.uscourts.gov.

The Trial Procedures listed below shall be followed.

a.     Trial Brief. At least five (5) business days prior to trial, counsel for each party may file a trial brief stating the party's factual and legal contentions in the case. The trial brief should address any important evidentiary issues.

11

b. Jury Statement. At least five (5) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read to the jury panel prior to voir dire. The jury statement shall be emailed in Word format to the Courtroom Deputy at tracey_diefenbach@mow.uscourts.gov.

c. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

**Defendants' Position**: Plaintiffs' proposed pretrial deadlines listed in Section 10, such as requiring motions in limine to be filed just 10 business days prior to the final pretrial conference, are not feasible for a case with this scope and this many parties. Defendants understand that the Court has developed these as standard pretrial deadlines, but these deadlines should be determined closer to trial, when the scope of the parties and issues is more solidified. In the alternative, given the nationwide scope and number of parties, Defendants have proposed that these deadlines be doubled; for example, motions in limine should be filed at least 20 business days prior to the final pretrial conference. These doubled deadlines thus would require *earlier* submissions to avoid delay and ensure that the parties will be sufficiently organized and prepared for trial.

If, however, the Court is inclined to adopt Plaintiffs' positions for this area of dispute, Defendants request the opportunity to be heard on their position.

a. Motions in Limine. Motions in limine shall be filed at least twenty (20) business days prior to the final pretrial conference. Responses to motions in limine shall be filed within the time limit allowed by Local Rule 7.0 or at least six (6) business days prior to the final pretrial conference whichever is earlier. In order to ensure efficient use of trial time, the parties are encouraged to file motions in limine relating to key evidentiary issues.

b. Stipulation of Uncontroverted Facts. At least six (6) business days prior to the final pretrial conference, the parties may file a stipulation of any uncontroverted facts.

c. Witness List. At least twenty (20) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called to testify at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment.

d. Exhibit Index. At least ten (10) business days prior to the final pretrial conference, each party shall file and serve an exhibit index of all exhibits that may be offered at trial. If an exhibit is not listed by a party, that exhibit will not be admitted absent leave of Court. The exhibit index should be prepared on a form provided by the Clerk's office that can be found at http://www.mow.uscourts.gov/forms.html#district. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral, and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to include exhibits to be used only for impeachment or rebuttal purposes. After the time for filing the exhibit index has expired, no supplemental or amended index will be filed without leave of Court for good cause shown.

e. Stipulation as to the Admissibility of Evidence. At least six (6) business days prior to the final pretrial conference, the parties shall file a stipulation as to the admissibility of evidence, listing the exhibits for which authenticity and foundation are not contested.

f. Designation of Deposition Testimony. Thirty (30) business days prior to the final pretrial conference, each party shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence by that party.

g. Objections to Designated Deposition Testimony and Counter Designation. At least twenty (20) business days prior to the final pretrial conference, each party shall file and serve:

   i. Any objections to proposed deposition testimony designated by any other party; and

   ii. A designation, by page and line number, of any deposition testimony to be offered as counter-designation to deposition testimony designated by other parties.

h. Objections to Counter Designations. At least fourteen (14) business days prior to the final pretrial conference, each party shall file and serve any objections to proposed deposition testimony offered as a counter-designation by other parties.

i. Submission of Deposition Designations. At least fourteen (14) business days prior to the final pretrial conference, the Court should receive deposition designations in the following manner:

   i. The parties are to jointly submit one mini-script copy of each designated deposition.

   ii. Each party is to highlight the portion of the deposition they want to designate, including counter-designations.

   iii. Each party should use a different highlight color to indicate their designations (for example, plaintiff uses yellow; defendant uses blue).

   iv. Each party should also indicate their objections on the actual deposition by bracketing those portions in the margin of the deposition, again using a different color to indicate the portion to which each party objects.

   v. Each party should submit to the Court a Word version document of the Objections to Deposition Designations that the party filed in CM/ECF. Send that via email to the Courtroom Deputy at tracey_peters@mow.uscourts.gov.

j. Jury Instructions.

   i. At least twenty (20) business days prior to the final pretrial conference, the parties shall jointly file an original (without sources) set and an annotated (with sources) set of proposed jury instructions. Proposed instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of Model Civil Jury Instructions for the District of Courts of the Eighth Circuit and/or Missouri Approved Instructions (MAI) where available and appropriate. All instructions shall be designated as Instruction No. ____.

   ii. The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, the parties shall jointly submit the instructions upon which they agree. Each party shall submit its proposed version of the instructions upon which the parties do not agree, along with a written objection to the other party's version.

   iii. The instructions should also be submitted to the Court electronically, in Word format. Instructions should be sent via email to the Courtroom Deputy at tracey_peters@mow.uscourts.gov.

The Trial Procedures listed below shall be followed.

a. Trial Brief. At least ten (10) business days prior to trial, counsel for each party may file a trial brief stating the party's factual and legal contentions in the case. The trial brief should address any important evidentiary issues.

b. Jury Statement. At least ten (10) business days prior to trial, counsel for each party shall agree upon a statement to be read to the jury setting forth the background of the case and the claims to be asserted. This statement will be read to the jury panel prior to voir dire. The jury statement shall be emailed in Word format to the Courtroom Deputy at tracey_diefenbach@mow.uscourts.gov.

c. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

10. **MISCELLANEOUS.**

a. All motions for extension of time pursuant to Fed. R. Civ. P. 6(b), 31, 33, 34, or 36 should be filed at least seven (7) days before the date of the original deadline and must state:

   i. The date when the pleading, response, or other action is/was first due;

   ii. The number of previous extensions and the date the last extension expires;

   iii. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

   iv. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

b. All motions requesting leave to depart from Local Rule 7.0(f) page limitation must state:

   i. The number of previous requests for leave;

   ii. The particular reason for the request for leave, including a specific statement as to why the action due cannot be completed within the allotted page limit; and

   iii. Whether the request for leave is approved or opposed by opposing counsel (agreement by counsel of a request for leave is not binding on the Court).

c.   The parties should not submit proposed orders in conjunction with routine motions, e.g. motions for extension of time and motions to modify the scheduling order. The parties shall submit proposed orders in conjunction with all motions, other than dispositive motions, in which a specific, substantive ruling is sought by the Court, e.g. motions for entry of consent judgment, motions for temporary restraining order, motions for entry of a preliminary injunction, and motions for entry of a protective order. Such proposed orders shall be emailed in Word format to the Courtroom Deputy at tracey_peters@mow.uscourts.gov.

d.   The dispositive motion date, final pretrial conference date, and trial date shall be changed only by leave of Court.

e.   Any questions about this scheduling order or the procedures to be followed when practicing in this division should be directed to the Courtroom Deputy, Tracey Peters, at tracey_peters@mow.uscourts.gov.

Dated:  March 18, 2024                               Respectfully submitted,

<table>
<tr><td>

*/s/ Brandon J.B. Boulware*

Brandon J.B. Boulware    MO # 54150
Jeremy M. Suhr    MO # 60075
Erin D. Lawrence    MO # 63021
BOULWARE LAW LLC
1600 Genessee, Suite 416
Kansas City, Missouri 64102
Tel:    (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com
erin@boulware-law.com

WILLIAMS DIRKS DAMERON LLC
Matthew L. Dameron    MO # 52093
Eric L. Dirks    MO # 54921
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Tel: (816) 945-7110
matt@williamsdirks.com
dirks@williamsdirks.com

KETCHMARK AND MCCREIGHT P.C.
Michael Ketchmark    MO # 41018
Scott McCreight    MO # 44002
11161 Overbrook Rd. Suite 210
Leawood, Kansas 66211
Tel:    (913) 266-4500

</td><td>

*/s/ Robert A. Braun*

Benjamin D. Brown (*pro hac vice*)
bbrown@cohenmilstein.com
Robert A. Braun (*pro hac vice*)
rbraun@cohenmilstein.com
Brian E. Johnson (Mo. Bar. No. 64938)
BEJohnson@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600

Daniel Silverman (*pro hac vice*)
dsilverman@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (617) 858-1990

Steve W. Berman (*pro hac vice*)
steve@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

</td></tr>
</table>

16

mike@ketchmclaw.com
smccreight@ketchmclaw.com

*Attorneys for the Gibson Plaintiffs and
Proposed Class*

Rio S. Pierce (*pro hac vice*)
riop@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000

Nathan Emmons (Mo. Bar. No. 70046)
nathane@hbsslaw.com
Jeannie Evans (*pro hac vice*)
jeannie@hbsslaw.com
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Marc M. Seltzer (*pro hac vice*)
mseltzer@susmangodfrey.com
Steven G. Sklaver (*pro hac vice*)
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100

Beatrice C. Franklin (*pro hac vice*)
bfranklin@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330

Matthew R. Berry (*pro hac vice*)
mberry@susmangodfrey.com
Floyd G. Short (*pro hac vice*)
fshort@susmangodfrey.com
Alexander W. Aiken (*pro hac vice*)
aaiken@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880

*Attorneys for the Umpa Plaintiffs and
Proposed Class*

/s/ Daniel A. Sasse

Chahira Solh (admitted *pro hac vice*)
Daniel A. Sasse (MO # 48997)
Eric Fanchiang (admitted *pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
T: (949) 263-8400
F: (949) 263-8414
dsasse@crowell.com
csolh@crowell.com
efanchiang@crowell.com

*Attorneys for Defendant Compass, Inc.*


/s/ Dylan I. Ballard

Michael W. Scarborough (admitted *pro hac vice*)
Dylan I. Ballard (admitted *pro hac vice*)
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979–6900
mscarborough@velaw.com
dballard@velaw.com

Adam L. Hudes (admitted *pro hac vice*)
Stephen M. Medlock (admitted *pro hac vice*)
VINSON & ELKINS LLP
2200 Pennsylvania Avenue NW
Suite 500 West
Washington, DC 20037
Tel: (202) 639–6500
ahudes@velaw.com
smedlock@velaw.com

/s/ Daniel P. Johnson

Trina R. Ricketts, MO # 46080
Daniel P. Johnson, MO #68966
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
700 W. 47th Street, Suite 500
Kansas City, MO 64112
Phone: 816.471.1301
Facsimile: 816.471.1303
Email: trina.ricketts@ogletree.com
Email: daniel.johnson@ogletree.com

Marc E. Kasowitz (*pro hac vice*)
Hector Torres (*pro hac vice*)
Kenneth R. David (*pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Phone: 212.506.1700
Facsimile: 212.506.1800
Email: mkasowitz@kasowitz.com
Email: htorres@kasowitz.com
Email: kdavid@kasowitz.com

Constantine "Dean" Z. Pamphilis (*pro hac vice*)
KASOWITZ BENSON TORRES LLP
1415 Louisiana Street, Suite 2100
Houston, TX 77002
Phone: 713.220.8800
Facsimile: 713.222.0843
Email: dpamphilis@kasowitz.com

*Attorneys for Defendants Douglas Elliman Inc. and Douglas Elliman Realty, LLC*

William D. Beil MO# 33922 GM LAW
PC
1201 Walnut Street, Suite 2000
Kansas City, MO 64106
Telephone: (816) 471-7700
billb@gmlawpc.com

*Attorneys for Defendant Weichert,*
*Realtors*

/s/ Eyitayo St. Matthew-Daniel

Brian J. Madden (Mo. Bar No. 40637)
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue
Suite 300
Kansas City, Missouri 64112-2255
Telephone: (816) 701-1132

Karen L. Dunn (*pro hac vice*)
William A. Isaacson (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
Bryon P. Becker (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
wisaacson@paulweiss.com
mgoodman@paulweiss.com
bpbecker@paulweiss.com

Eyitayo St. Matthew-Daniel (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
tstmatthewdaniel@paulweiss.com

*Attorneys for Defendant Redfin*
*Corporation*

/s/ Leo D. Caseria

LEO D. CASERIA (admitted *pro hac vice*)
ANN O'BRIEN (admitted *pro hac vice*)
CHRISTOPHER LOVELAND (admitted *pro hac*
*vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
Telephone: (202) 747-1925
lcaseria@sheppardmullin.com
aobrien@sheppardmullin.com
cloveland@sheppardmullin.com

HELEN C. ECKERT (admitted *pro hac vice*)
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: (415) 434-9100
heckert@sheppardmullin.com

and

DYSART TAYLOR COTTER McMONIGLE &
BRUMITT, P.C.
Amanda Pennington Ketchum MO #51011
Matthew W. Geary MO #53328
700 W. 47th Street, Suite 410
Kansas City, MO 64112
(816) 931-2700
aketchum@dysarttaylor.com
mgeary@dysarttaylor.com

*Counsel for Defendant Realty One Group, Inc.*

/s/ Jennifer B. Wieland

Jennifer B. Wieland, MO #57271
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Phone: (816) 561-7007
Fax: (816) 561-1888
jwieland@berkowitzoliver.com

David Marroso (*pro hac vice*)
Craig Bloom (*pro hac vice*)
O'MELVENY & MYERS LLP

/s/ Stephen J. Siegel
Stephen J. Siegel (*admitted pro hac vice*)
Andrew D. Campbell (*admitted pro hac vice*)
Elizabeth C. Wolicki (*admitted pro hac vice*)
Julie Johnston-Ahlen (*admitted pro hac vice*)
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
ssiegel@atllp.com
acampbell@atllp.com
ewolicki@atllp.com
jja@atllp.com

Michael Gehret (*admitted pro hac vice*)
ARMSTRONG TEASDALE LLP
222 South Main Street, Suite 1830
Salt Lake City, UT 84101
(801) 401-1600
mgehret@atllp.com

Tyson H. Ketchum MO #50426
ARMSTRONG TEASDALE LLP
2345 Grand Blvd, Suite 1500
Kansas City, MO 64108-2617
Telephone: (816) 221-3420
tketchum@atllp.com

Francis X. Riley III (*admitted pro hac vice*)
SAUL EWING LLP
650 College Road East, 4th Floor
Princeton, NJ 08540
(609) 452-3150
francis.riley@saul.com

*Attorneys for Defendants eXp World Holdings, Inc. and eXp Realty, LLC*

1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
(310) 553-6700
dmarroso@omm.com
cbloom@omm.com

Stephen McIntyre (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
(213) 430-6000
smcintyre@omm.com

*Attorneys for Defendants The Real Brokerage Inc. and Real Broker, LLC*

/s/ James D. Lawrence
James D. Lawrence, MO #53411
BRYAN CAVE LEIGHTON PAISNER LLP
1200 Main St., Suite 3800
Kansas City, MO 64105
Telephone: (816) 374-3200
Email: jim.lawrence@bclplaw.com

Timothy R. Beyer (*admitted pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, #4100
Denver, CO 80203
Telephone: (303) 866-7000
Email: tim.beyer@bclplaw.com

Lindsay Sklar Johnson (*admitted pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
1201 W. Peachtree St., N.W., 14th Floor
Atlanta, GA 30309-3471
Telephone: (404) 572-6600
Email: lindsay.johnson@bclplaw.com

Case 4:23-cv-00945-SRB   Document 224   Filed 03/18/24   Page 20 of 24

Emilee L. Hargis, MO #69119
BRYAN CAVE LEIGHTON PAISNER
LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2028
Email: emilee.hargis@bclplaw.com

*Attorneys for Defendant United Real Estate*

*/s/ Jacob S. Madsen*

Scott E. Anderson (admitted pro hac vice)
Jacob S. Madsen (admitted pro hac vice)
Matt N. Foree (admitted pro hac vice)
Cameron N. Regnary (admitted pro hac vice)
FREEMAN MATHIS & GARY LLP
100 Galeria Pkwy, Ste 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
scott.anderson@fmglaw.com
jacob.madsen@fmglaw.com
mforee@fmglaw.com
cameron.regnery@fmglaw.com

John L. Mullen (MO #42309)
Christopher M. Harper (MO #59000)
FRANKE SCHULTZ & MULLEN, PC
8900 Ward Parkway
Kansas City, MO 64114
T: (816) 421-7100
F: (816) 421-7915
jmullen@fsmlawfirm.com
charper@fsmlawfirm.com
*Attorneys for Defendant HomeSmart International, LLC*

/s/ Elizabeth A. Vasseur-Brown

Elizabeth A. Vasseur-Brown, 58491
lbrowne@coolinglaw.com
COOLING & HERBES, P.C.
2400 City Center Square
1100 Main Street
Kansas City, Missouri 64105
Telephone: (816) 474-0777
Facsimile: (816) 472-0890

Robert J. Palmersheim (*pro hac vice*)
rpalmersheim@honigman.com
Molly K. McGinley (*pro hac vice*)
mmcginley@honigman.com
Timothy G. Parilla (*pro hac vice*)
tparilla@honigman.com
HONIGMAN LLP
155 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
Telephone: (312) 701-9300
Facsimile: (312) 701-9335

*Attorneys for Defendant At World Properties, LLC*

/s/ Robert D. MacGill

Robert D. MacGill (*phv*)
Matthew T. Ciulla (*phv*)
J. Cecelia Satterthwaite (*phv*)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone: (317) 721-1253
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
Cecelia.Satterthwaite@MacGillLaw.com

Jay N. Varon (*phv*)
Jennifer M. Keas (*phv*)
FOLEY & LARDNER LLP
3000 K Street NW, Suite 600
Washington, D.C. 20007

/s/ Seth P. Waxman

Seth P. Waxman (pro hac vice)
Karin Dryhurst (pro hac vice)
Claire Bergeron (pro hac vice)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
T: (202) 663-6000
seth.waxman@wilmerhale.com
karin.dryhurst@wilmerhale.com
claire.bergeron@wilmerhale.com

David Z. Gringer (*pro hac vice*)
Emily Barnet (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.gringer@wilmerhale.com
emily.barnet@wilmerhale.com

Robert Adams (MO #34612)
Michael S. Cargnel (MO #52631)
Hannah M. Smith (MO #73949)
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
T: (816) 559-2101
rtadams@shb.com
mcargnel@shb.com
hsmith@shb.com

Eric Soller (*pro hac vice application forthcoming*)
William Pietragallo II (*pro hac vice application forthcoming*)
Quintin DiLucente (*pro hac vice application forthcoming*)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor

(202) 672-5300
jvaron@foley.com
jkeas@foley.com

Brian C. Fries
LATHROP GPM, LLP
2345 Grand Blvd. Suite 2200
Kansas City, MO 64108
816.460.5326
brian.fries@lathropgpm.com

*Counsel for the HomeServices Defendants*

Pittsburgh, PA 15219
T: (412) 263-1836
EGS@Pietragallo.com
WP@Pietragallo.com
QD@Pietragallo.com

*Counsel for Defendant Hanna Holdings, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ *Daniel A. Sasse*
Daniel A. Sasse

*Attorney for Defendant Compass, Inc.*